IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERESA BILLS                                                                    PLAINTIFF

vs.                                      Civil No. 6:14-cv-06054

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Teresa Bills ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T.

Dawson referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments in this case, this Court recommends

Plaintiff's case be **AFFIRMED.**

1.     **Background:**

Plaintiff protectively filed her disability applications on October 10, 2011.  (Tr. 9, 137-144).

In her applications, Plaintiff alleges being disabled due to leg cramps, depression, anxiety, diabetes,

memory problems, and a "shifted hip."  (Tr. 180).  Plaintiff alleges an onset date of June 20, 2009.

(Tr. 9).  These applications were denied initially and again upon reconsideration.  (Tr. 66-69).

Thereafter, on March 9, 2012, Plaintiff requested an administrative hearing on her

1

applications.  (Tr. 90-92).  This hearing request was granted.  (Tr. 104-109).  Plaintiff's administrative hearing was held on November 2, 2012 in Hot Springs, Arkansas.  (Tr. 27-65).  At this hearing, Plaintiff was present and was represented by counsel, Susan Brockett.  *Id.*  Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing.  *Id.*  During this hearing, Plaintiff testified she was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 33).  As for her education, Plaintiff testified she had obtained her GED and also had obtained an associate's degree in criminal justice.  (Tr. 35).

On January 15, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications.  (Tr. 6-22).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2013.  (Tr. 11, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 20, 2009, her alleged onset date.  (Tr. 11, Finding 2).  The ALJ found Plaintiff had the following severe impairments: joint dysfunction, morbid obesity, hypertension, diabetes, anxiety disorder, and mood disorder.  (Tr. 11, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 14-21, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

2

CFR 404.1567(b) and 416.967(b) except she can occasionally climb stairs, balance, stoop, kneel, crouch or crawl; she can never climbing [climb] ladders; must avoid hazards such as moving machinery and unprotected heights; cannot sustain work without an option to sit/stand at will; and, she is able to understand, retain and carry out simple instructions; make simple work-related decisions; perform work where the complexity of the task is learned and performed by rote, with few variables, and with little judgment; work in an environment with few, if any, work place changes; perform work where interpersonal contact is incidental to the work performed; and work where supervision is simple, direct and concrete.  She can use the left dominant hand occasionally for overhead reaching.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21, Finding 6). Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW.  *Id.*  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 21-22, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Specifically, the VE testified, given Plaintiff's age, education, work experience, and RFC, a hypothetical person with those limitations retained the capacity to perform the following occupations: (1) machine tender (light, unskilled) with 2,500 such jobs in the region and 15,000 such jobs in the nation and (2) bakery line worker (light, unskilled) with 2,700 such jobs in the region and 32,000 such jobs in the nation.  *Id.*

Based upon the VE's responses, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from her application date of June 20, 2009 through the date of the ALJ's decision or through January 15, 2013.  (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 4).  On February 10, 2014, the Appeals Council denied this request for review.  (Tr.

1-3).  On April 16, 2014, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 10, 13.  This case is now ready for decision.

## 2.  __Applicable Law:__

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in failing to fully and fairly develop the record; (B) the ALJ erred in her credibility assessment; and (C) the ALJ erred in assessing her RFC. ECF No. 10. The Court will consider each of these three arguments.

   A.   **Development of the Record**

Plaintiff claims the ALJ erred in developing the record in her case. ECF No. 10 at 10-12. As Plaintiff states, "we believe that the ALJ should have sought further clarification regarding the

severity of her joint dysfunction, diabetes, anxiety disorder, and mood disorder." *Id.*  In response to this argument, Defendant claims the ALJ fully complied with her obligation to develop the record. ECF No. 13 at 7-8.  Defendant also argues no remand is necessary.  *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary.  Notably, the ALJ only has the obligation "to develop a reasonably complete record."  *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994).  Here, the transcript in this case is over seven hundred pages long.  Further, in addition to Plaintiff's treatment records, this transcript includes a SSA-ordered consultative mental diagnostic examination report.  (Tr. 280-284).  Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment.  *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand").  Here, Plaintiff has made no showing of prejudice or unfair treatment.  ECF No. 10 at 10-12.  Thus, the Court finds Plaintiff has not made the showing required for a remand in this action.

### B.    Credibility Determination

Plaintiff claims the ALJ's credibility determination is not sufficient.  ECF No. 10 at 12-15. Specifically, Plaintiff claims the ALJ did not give "any solid, substantiated reasons for discrediting Plaintiff's testimony."  *Id.*  Thus, Plaintiff claims her case must be reversed and remanded.  *Id.*  In response, Defendant argues the ALJ's credibility determination was reasonable and was within the ALJ's discretion.  ECF No. 13 at 8-10.  Defendant argues the ALJ's credibility determination should be affirmed.  *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

7

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* in evaluating Plaintiff's credibility. (Tr. 14-21, Finding 5). In her opinion, the ALJ noted that despite her claim she is disabled, Plaintiff was responsible for her two children (ages fourteen and eleven), Plaintiff did not seek medical treatment for allegedly disabling mental impairments, Plaintiff was able to obtain an associate's degree and was able to work despite having diabetes (which she now claims is disabling), Plaintiff did not consistently seek medical treatment, and Plaintiff was not consistent in taking her diabetes medication. (Tr. 13, 16, 17). Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

C.   **RFC Assessment**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 10 at 15-18. In making this claim, Plaintiff raises several specific points: (i) the ALJ did not properly account for her carpal tunnel syndrome in her left extremity; (ii) the ALJ did not properly consider the findings of Dr. Julie Wallace, Ph.D.; and (iii) the ALJ erred in discounting the findings of Dr. Katharine Hurst, M.D. *Id.* The Court will address each of these arguments.

i.   **Carpal Tunnel Syndrome**

Plaintiff claims the ALJ did not properly consider her alleged carpal tunnel syndrome. ECF No. 10 at 16-17. On July 31, 2012, Plaintiff's underwent an electromyographic examination of her left upper extremity. (Tr. 649). In that report, Plaintiff was found to have symptoms "consistent with the diagnosis of left carpal tunnel syndrome." *Id.* Plaintiff claims the ALJ did not properly

8

consider this report.  ECF No. 10 at 16-17.  Specifically, Plaintiff claims the ALJ erred in finding she could perform "occasional" overhead reaching with her left arm.  *Id.*  Plaintiff claims that, considering this report, her limitations in overhead reaching should have been greater.  *Id.*

Despite her current claim, Plaintiff's own statement of her limitations undercuts her claim that she is limited in overhead reaching due to carpal tunnel syndrome.  Indeed, in her disability function report dated October 27, 2011, Plaintiff did not allege having *any limitations* in her ability to reach.  (Tr. 166).  Further, based upon her medical records, it does not appear Plaintiff received any treatment for carpal tunnel syndrome.  Finally, in Plaintiff's applications, she did not allege being disabled due to carpal tunnel syndrome.  (Tr. 180).  Thus, the Court finds no basis for reversal on this issue.

ii.     **GAF Score**

Plaintiff claims the ALJ erred in ignoring the Global Assessment of Functioning ("GAF") score Dr. Wallace assigned to her.  ECF No. 10 at 17.  On January 31, 2012, Dr. Wallace examined Plaintiff as a part of a mental diagnostic evaluation.  (Tr. 281-284).  After examining Plaintiff, Dr. Wallace found Plaintiff's "current GAF" score to be 31-41.  (Tr. 284).  In her opinion, the ALJ explicitly considered this GAF score.  (Tr. 20).  As the ALJ noted, this score does indicates " some impairment in reality testing or communication or major impairment in several areas such as work, school, family relations, judgment, thinking or mood."  (Tr. 20).  However, the ALJ also found this one-time score should be discounted because it was not "supported by her [Dr. Wallace's] own clinical findings and it is not consistent with the record as a whole."  *Id.*

The Court finds no basis for reversal on this issue.  This one-time score, assessed by a one-time consulting examiner, does not demonstrate Plaintiff has any greater limitations than those found

by the ALJ.  *See Jones v. Astrue,* 619 F.3d 963, 974 (8th Cir. 2010) (affirming the ALJ's mental RFC evaluation where the claimant did not present "'GAF score history' indicating that she [the claimant] was at or below a GAF of 50 on several occasions").  Further, this is not a case where the ALJ entirely *ignored* a low GAF score.  In this case, the ALJ explicitly considered that low GAF but decided to discounted it, based upon her review of the entire record.

### iii.    Dr. Hurst's Assessment

Plaintiff claims the ALJ improperly ignored a RFC assessment completed by her treating physician, Dr. Hurst.  ECF No. 10 at 17-18.  On March 1, 2012, Dr. Hurst completed a three-page "checklist" report outlining Plaintiff's impairments.[2]  (Tr. 322-324).  In this report, Dr. Hurst was very equivocal and made responses such as the following: (1) "ask pt. [patient] how long" when asked the number of hours Plaintiff could sit, stand, and walk at one time and during an eight-hour period; (2) "unsure" when asked whether Plaintiff would need to lie down at unpredictable times; (3) "unknown" when asked how many days per month Plaintiff was likely to be absent from work; and (4) "possibly" when asked whether Plaintiff would need to elevated her feet during the day.  *Id.*

In her opinion, the ALJ discounted Dr. Hurst's findings because the ALJ found Dr. Hurst "relied quite heavily on the subjective report of the symptoms and limitations provided by the claimant and her report was inconsistent with the record as a whole."  (Tr. 20).  In her appeal brief, Plaintiff provides no specific limitations that the ALJ should have incorporated from Dr. Hurst's report and no specific argument emplaning *how* the ALJ erred in her decision to discounted Dr. Hurst's findings.  ECF No. 10 at 17-18.  Thus, the Court finds no basis for reversal on this issue.

---

[2] It actually appears that "S. Felice Story, APN" completed this report.  (Tr. 322-324).  The Court will, however, presume for the sake of argument that Dr. Hurst completed this report.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of March 2015.**

/s/   Barry A. Bryant
                     HON. BARRY A. BRYANT
                     U.S. MAGISTRATE JUDGE